In re STONE.

Support of FRANK MINORS.

(204 N. W. 946.)

(File No. 5388. Opinion filed August 25, 1925.)

**Infants—Allowance for Support of Fatherless Minor Children in Charge of Widowed Grandmother Not Authorized; "Mother."**

Allowance for support of fatherless minor children in charge of widowed grandmother is not authorized under Mothers' Pension Law (Rev. Code 1919, Secs. 10023-10030); grandmother not being a "mother" within section 10024, providing that the child or children for whose benefit the allowance is to be made must be living with the mother.

Appeal from Lawrence County Court; HON. R. N. OGDEN, Judge.

Proceeding by Elizabeth Stone, for allowance under the Mothers' Pension Law for the partial support of Samuel Frank and others, minor grandchildren of the petitioner, a widow. The county court made an order of allowance, and from an order denying taxpayer's motion to vacate such order, the taxpayer appeals. Reversed and remanded, with directions.

*Emert H. Leaton,* of Lead, for Appellant.

*John Walsh,* of Lead, for Respondent.

Appellant cited: Jacobson v. Ransom County (N. D.), 105 N. W. 1107; Treadway v. Schnauber et al, 46 N. W. 464; Meek v. Meade County (S. D.), 80 N. W. 182.

Respondent cited: State ex rel Sterns County v. Klasen, 143 N. W. 984; Cars County v. Nivon. 161 N. W. 246.

MORIARTY, C. This is an appeal from an order of the county court of Lawrence county. The order was granted upon the petition of respondent. In this petition she represented to the said county court that she was the grandmother of three orphan children, all under 14 years of age; that said children were living with her and dependent upon her for support; and that she was entitled by the provisions of sections 10023 to 10030 of the Revised Code to an allowance for their support. The court made an order granting such allowance.

The appellant, appearing in the capacity of a taxpayer of

Lawrence county, moved the county court to vacate the order, and, his motion being denied, he brings this appeal.

There is no contention as to the facts. The inquiry and report as to the allegations of the petition, and as to the fitness of the respondent's home as a place for the minors, are complete, and are not questioned by the appellant. The sole contention before this court is whether the statutory provisions under which the petition is drawn authorize the granting of an allowance for support of fatherless minor children in charge of a grandmother.

The statutes referred to comprise what is commonly known as the Mothers' Pension Law. Section 10024 of this law provides that the county court shall make the allowance only when certain conditions exist. And among the required conditions we find this:

"The child or children for whose benefit the allowance is to be made must be living with the mother of such child or children."

Evidently the allowance is not authorized in this case, unless we can give the word "mother" in the statute a meaning broad enough to include grandmothers. This is not the ordinary use of the word. It is never given such meaning by the courts unless there are some peculiar circumstances requiring it to be so construed. There are no such circumstances in this case. The provisions of this law, taken as a whole, are evidently directed toward enabling the mother of a child or children deprived of a father's support to keep such child or children in a home maintained by the mother.

It may be that a home maintained by a grandmother would prove as suitable as one maintained by the mother, but the Legislature did not recognize such as being true. Children have two grandmothers, and frequently both grandmothers survive the parents of the children. Evidently it was not the purpose of the Legislature when it passed this law to make any particular grandmother the custodian of orphan children; nor is there anything to indicate that it was the legislative intent to provide an allowance for the keeping of orphan children in homes maintained by their grandmothers. If such had been the intent, such intent could have been expressed very readily in the wording of the law. The contrary intent seems to be indicated by the frequent use of the word "mother" in the law.

As the children involved in this case were not living with their mother, the order granting an allowance for their support was improperly granted, and the order denying the motion to vacate such order of allowance is reversed, and the county court of Lawrence county, S. D., is directed to vacate its order granting the allowance for support.

Reversed and remanded.

Note.—Reported in 204 N. W. 946. See, Headnote, American Key-Numbered Digest, Infants, Key-No. 12½, 31 C. J. Sec. 14 (Anno.)